■ ANNE ISRAEL, Appellant, v DEWEY J. AWAD et al., Respondents, et al., Defendants.—Judgment, Supreme Court, New York County, entered February 10, 1976, after a trial solely on documentary evidence and depositions, dismissing the complaint, unanimously affirmed, without costs and without disbursements. This is a corporate derivative action for breach of directors' fiduciary duty arising out of the cancellation of a contract entered into in 1967 between the corporation and its president, pursuant to which the president was to acquire 25,000 shares of the corporation's stock at $17.50 per share on or before October 10, 1970. The stock purchase agreement provided, among other things, for its termination or cancellation by either party in the event of the termination of the president's employment in an executive capacity. The agreement was approved by the stockholders at the annual meeting in 1967. The price of the corporation's stock having fallen to under $7 a share as the expiration date of the stock purchase agreement drew near, and with the possibility that if the president were bound to make the purchase, he would suffer an immediate loss of some $250,000, he tendered his resignation dated May 12, 1970, effective October 1, 1970. Obviously, from an economic point of view, the president would want to prevent the purchase agreement from becoming effective. However, the corporate board of directors was perturbed at the possible loss of its executive and the fact that one or more bank loans might be subject to call if the president resigned. The board, on the advice of counsel, resolved to cancel the purchase agreement by a vote of 7 to 2, with the president, also a member of the board, abstaining. It is the contention of the plaintiff that to permit this course of action was a waste of corporate assets. However, inasmuch as the executive had an obvious out, and, therefore, could not be held to the purchase agreement, this contention should receive short shrift. On this appeal, the plaintiff changes the thrust of the complaint to contend that the board of directors in 1967 concealed a secret intent to provide the executive with what in reality was a stock option, which could not otherwise be granted to him because it would affect his tax posture. However, this allegation, tantamount to fraud, could have more substance if the defendants were members of the original board of directors. In any event, there is no basis in the record for such a conclusion, and it is mere supposition on the part of the plaintiff. Concur—Stevens, P. J., Markewich, Kupferman, Murphy and Capozzoli, JJ.